■ FRANCINE HELLER et al., Respondents-Appellants, v ENCORE OF HICKSVILLE, INC., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendant and Third-Party Plaintiff. K. KADIN, INC., et al., Third-Party Defendants-Respondents-Appellants, et al., Third-Party Defendants. (And a Fourth-Party Action.) — In a negligence action to recover damages for personal injuries, etc., the cross appeals are from a judgment of the Supreme Court, Nassau County (Berman, J.), entered May 3, 1979, as resettled by an order of the same court dated November 27, 1979, which (1) is in favor of plaintiffs and against defendants Encore of Hicksville, Inc., and Richard Ruggiero in the principal sum of $150,000, upon a jury verdict, and (2) dismissed the third-party complaint and all cross claims and counterclaims. The parties stipulated to dicontinue the appeals as against Divina Products and Clairol, Inc. This court, by order dated June 30, 1980 (76 AD2d 917), modified the resettled judgment by deleting therefrom the provision which was in favor of the plaintiffs and against defendants Encore of Hicksville, Inc., and Richard Ruggiero and substituting therefor a provision dismissing the complaint. As so modified, the judgment, as resettled, was affirmed. The Court of Appeals, by order dated April 2, 1981 *(Heller v Encore of Hicksville,* 53 NY2d 716), reversed this court's order and remitted the case to this court for a review of the facts. Judgment, as resettled, affirmed, without costs or disbursements. No opinion. Titone, J. P., Mangano, Rabin and Bracken, JJ., concur.